UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Refugio RAMOS,
Defendant–Appellant.

No. 87–1473.

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1988.

Arvel R. Ponton, III, El Paso, Tex., (court appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., Andrew Levchuk, Atty., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, and REAVLEY, Circuit Judge, and HUNTER *, District Judge.

REAVLEY, Circuit Judge:

Jose Refugio Ramos appeals his conviction on two counts of unlawfully selling documentary evidence of citizenship in violation of 18 U.S.C. § 1427. We affirm.

### I.

On June 25, 1986 Ramos agreed to obtain and sell, for $500, citizenship documents to Thomas Silva, a special agent of the United States Immigration and Naturalization Service posing as an illegal alien. After obtaining the birth certificate of Luis Armando Montoya, Jr. from the El Paso County Clerk's office, Ramos sold this certificate to Silva in exchange for the agreed upon cash payment and told Silva that the certificate would enable him to obtain a Texas driver's license and a social security card. Silva then requested citizenship documentation for his (fictitious) uncle, Roberto Ramirez, and Ramos agreed to obtain the necessary papers for $500. Ramos obtained the birth certificate of Joel Partida from the County Clerk's office, and on September 10, 1986 Silva paid Ramos for this certificate.

Ramos was indicted and convicted by jury on two counts of unlawfully selling documentary evidence of citizenship in violation of 18 U.S.C. § 1427. He was sentenced to concurrent terms of three years' imprisonment on each count, with the sentence on the second count suspended, plus five years' probation.

### II.

Section 1427 provides that:

Whoever *unlawfully sells* or disposes of a declaration of intention to become a citizen, certificate of naturalization, certificate of citizenship or copies or duplicates or *other documentary evidence of naturalization or citizenship,* shall be fined not more than $5,000 or imprisoned not more than five years, or both.

* District Judge of the Western District of Louisi-    ana, sitting by designation.

18 U.S.C. § 1427 (emphasis added). Ramos contends that there was insufficient evidence to convict him under this statute because: (1) it is not illegal under Texas law to obtain the birth certificate of another from a county clerk's office and thus he did not act "unlawfully"; and (2) he did not "sell" the birth certificates to Silva but merely provided a service. Ramos also argues that the statute is ambiguous and should therefore be resolved in favor of lenity.

It is well established that a birth certificate is "documentary evidence of citizenship" for purposes of the immigration provisions. *See United States v. Lopez*, 704 F.2d 1382, 1385 (5th Cir.), *cert. denied*, 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983) (interpreting identical language in 18 U.S.C. § 1425). The government concedes that, under Texas law, birth certificates are public records which anyone can lawfully acquire, and argues that Ramos was convicted not for legally obtaining birth certificates but for illegally selling these certificates with criminal intent.

Under Texas law, it is a third degree felony for a person to "intentionally or knowingly ... sell ... for any purpose of deception, any certificate, record, or report required by the Vital Statistics Act or certified copy thereof ... which relates to the birth of another person, whether living or deceased." Tex.Rev.Civ.Stat. art. 4477c, § 2(a)(3) (Vernon Supp.1987). Because a birth certificate is required by the Vital Statistics Act, Tex.Rev.Civ.Stat. art. 4477, Rule 46a (Vernon 1976), Ramos violated § 4477c, § 2(a)(3) by intentionally selling birth certificates to Silva for the purpose of deceiving the United States government, and therefore acted "unlawfully" under 18 U.S.C. § 1427.

Ramos argues that he did not "sell" the certificates to Silva but did "nothing more than [to help Silva] obtain a birth certificate of a third person." This argument is groundless because Silva paid Ramos a total of $1,000 for the certificates themselves, not merely for assistance in obtaining these documents. Finally, Ramos contends that § 1427 is ambiguous and thus should be narrowly construed in favor of lenity. *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971). Because § 1427 clearly proscribes the conduct engaged in by Ramos and is unambiguous, the rule of lenity does not apply. *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981).

The judgment of the district court is AFFIRMED.