MacFarlane v. McKean                    CV-92-614-SD  12/09/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


James MacFarlane

     v.                               Civil No. 92-614-SD

Edgar D. McKean III, et al


O R D E R


     Currently on appeal, this case is before the court on

plaintiff's dual motions which seek the respective relief of

recusal of this judge and relief from the judgment and an

additional order of the court.  Documents 108, 109.[1]  The

defendants object.  Documents 110, 111.[2]


1.  Background

     Jury trial of this legal negligence action commenced on

June 18, 1996.[3]  On June 25, 1996, at the conclusion of

_____

     Document 108 is plaintiff's motion for recusal.  Document
109 is plaintiff's motion for relief from the judgment and
additional order.

     Document 110 is defendants' objection to the motion for
recusal.  Document 111 is defendants' objection to the motion for
relief from judgment and additional order.

     The genesis of the claims of legal negligence arise from the
divorce action between plaintiff and his former spouse, Beryl

plaintiff's case-in-chief, the court granted the motion of defendants for judgment as a matter of law. Rule 50(a), Fed. R. Civ. P.[4]

At the close of one of the several days of trial, the court made its usual inquiry concerning future witnesses. Plaintiff's counsel indicated his intent to call one Richard Bosa as a rebuttal witness to anticipated testimony to be produced by the defendants from Attorney Jack Crisp. The court advised that Mr. Bosa had been a losing litigant in an earlier case tried by this judge.

No further discussion was had concerning the subject of Mr. Bosa's purported testimony. Given the manner in which the case terminated, neither Attorney Crisp nor Mr. Bosa was called as a trial witness.

---

Rich. See MacFarlane v. Rich, 132 N.H. 608, 567 A.2d 585 (1989).

Rule 50(a)(1) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

2

## 2. Plaintiff's Motion for Recusal (document 108)

On a prior occasion, Mr. Bosa had joined another unsuccessful litigant in this court, Henry H. Amsden, in a suit against the Senate Judiciary Committee. This judge recused himself from participation in that litigation.

Plaintiff MacFarlane, together with Messrs. Bosa, Amsden, and others, is apparently a member of a group known as Victims of a Corrupt Legal System (VOCALS). Claiming that this judge is biased against him because of his membership in VOCALS, plaintiff now seeks recusal. He cites the court's failure to disclose his prior recusal in the Senate Judiciary Committee litigation as ground for such action.

Although plaintiff cites to both 28 U.S.C. § 144[5] and 28 U.S.C. § 455, his motion does not comply with the requirement of section 144 that it contain a "certificate of counsel of record stating that it is made in good faith." It is elemental that such certificate must be filed before a motion grounded on 28 U.S.C. § 144 may be considered. In re Union Leader Corp., 292 F.2d 381, 385 (1st Cir.), cert. denied, 368 U.S. 927 (1961). Where such certificate is not filed, the court must disregard all allegations uncertified by counsel. United States v. Johnpoll, 748 F. Supp. 86, 89 (S.D.N.Y. 1990), aff'd without opinion, 932 F.2d 956 (2d Cir.), cert. denied, 502 U.S. 881 (1991).

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

4

As the requirements of 28 U.S.C. § 144 are not here met, the court considers the motion only pursuant to the requirements of 28 U.S.C. § 455.[6] Initially, the court notes that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). Indeed, even "'a controversy between a trial judge and an attorney for parties to an action would not require disqualification of the judge in absence of showing of bias or personal prejudice to the parties.'" In re Cooper, 821 F.2d 833, 839 (1st Cir. 1987) (quoting Gilbert v. City of Little Rock, 722 F.2d 1390, 1398-99 (8th Cir. 1983), cert. denied, 466 U.S. 972 (1984)).

Under section 455, the ultimate question is whether the recusal motion is grounded on facts that would create a reasonable doubt concerning the impartiality of the judge, not in the mind of the judge himself or even necessarily in the mind of the litigant who filed the motion, but rather in the mind of the reasonable man. Cigna Fire Underwriters v. MacDonald & Johnson,

---

28 U.S.C. § 455 sets forth a number of grounds for disqualification, of which here relevant is section 455(b)(1), which provides for disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

5

86 F.3d 1260, 1270-71 (1st Cir. 1996) (citations omitted).
Otherwise put, "the source of the appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case." United States v. Morris, 988 F.2d 1335, 1337 (4th Cir. 1993) (citations omitted).

Thus viewed, no "reasonable man" could here find a ground for recusal in the allegations upon which plaintiff relies. The motion for recusal is accordingly denied.

3. Plaintiff's Motion for Relief from Judgment and Order (document 109)

Subsequent to the completion of trial in this case, plaintiff apparently engaged in correspondence with a mortgage company in England. The responses he received purport to show the circumstances of application for a certain mortgage issued as of February 1987. They also purport to refer to the financial status of plaintiff's former spouse, Beryl Rich, for the years 1985, 1986, and 1987.

Claiming this information to be "newly discovered" evidence,[7] plaintiff moves the court to vacate its trial ruling

_____

Although plaintiff also invokes the "mistake" grounds of Rule 60(b)(1) and the "fraud" grounds of Rule 60(b)(3), his pleadings advance no ground on which findings could be made under

6

on defendant's motion for judgment as a matter of law and to also vacate its order of October 31, 1996, which imposed certain financial sanctions on plaintiff and his trial counsel.

As defined under Rule 60(b)(2), "'newly discovered evidence' normally refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant.'" Rivera v. M/T Fossarina, 840 F.2d 152, 156 (1st Cir. 1988) (quoting Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 526-27 (3d Cir.), cert. denied, 365 U.S. 818 (1960)) (additional citations omitted). Moreover, the rule imposes a due diligence requirement on the moving party, Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986), and the new evidence must be of such a material and controlling nature as would probably have changed the outcome of the litigation. Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995) (internal quotations and citations omitted).

Even apart from the dubiety of its evidentiary admissibility, the purported evidence on which plaintiff here relies fails to pass muster under any of the above-described tests. Accordingly, the motion for relief from judgment and additional order must be denied.

---

either of these subsections of the rule. Accordingly, the court limits its discussion to the "newly discovered" evidence claim under Rule 60(b)(2).

7

## 4.  Conclusion

For the reasons outlined, the court has denied plaintiff's motion for recusal (document 108) and has also denied plaintiff's motion for relief from judgment and additional order (document 109).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 9, 1996

cc:   David A. Lambarth, Esq.
      Jeffrey H. Karlin, Esq.
      William Ng, Clerk,
        US Court of Appeals for the
        First Circuit

8